[Cite as *State v. Wurzelbacher*, 2013-Ohio-4009.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130011 |
| | | TRIAL NO. B-0009162 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| LEE F. WURZELBACHER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:   September 18, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Lee F. Wurzelbacher,* pro se.

**Please note:  we have removed this case from the accelerated calendar.**

**DEWINE, Judge**.

{¶1}     Lee F. Wurzelbacher went to a prison in 2001 after being convicted of drug trafficking and receiving stolen property.   Eight years after being released, he asked the trial court to declare that his sentences are partly void based upon various errors he claimed the court had made when it imposed his sentences.   The trial court denied the motion, and Mr. Wurzelbacher challenges that decision in this appeal.

{¶2}     We conclude that Mr. Wurzelbacher is right, to an extent.  The trial court committed two errors when it sentenced him that render portions of his sentences void.  It neglected to suspend his driver's license or to include notification about postrelease control in his sentencing entry.  But it is too late to fix these errors because Mr. Wurzelbacher has been released from prison.  We affirm the judgment below as modified and remand to the common pleas court with instructions to note on the record that, because Mr. Wurzelbacher has been discharged on his convictions, his sentences may not now be corrected to impose postrelease control or the license suspension.

### *Background*

{¶3}     Mr. Wurzelbacher pled guilty in 2001 to two counts of drug trafficking and a single count of receiving stolen property.   He was sentenced to concurrent prison terms totaling one year. He did not appeal his convictions.   In 2012, Mr. Wurzelbacher collaterally challenged his convictions by filing with the common pleas court his "Motion for Declaratory Judgment That Sentence is Void."  The common pleas court overruled the motion, and this appeal ensued.

### *Neither the Declaratory Judgment Act nor the Postconviction Statutes Conferred Jurisdiction to Entertain the Motion*

{¶4}   In his motion, Mr. Wurzelbacher sought to invoke the court's "jurisdiction * * * to correct a void judgment" and sought "a declaratory judgment resolving the fact that [his sentences are] void" because the trial court had failed to merge allied offenses, to impose a mandatory driver's license suspension, or to notify him concerning postrelease control, his appeal rights, the requirement that he give a DNA specimen, or the possible imposition of community service in lieu of court costs.   In this appeal, he advances four assignments of error that, read together, challenge the overruling of his motion.

{¶5}   The first question we face is how to characterize Mr. Wurzelbacher's motion.  Although styled a "Motion for Declaratory Judgment," the filing did not properly institute a claim for declaratory judgment.  Nor will such a proceeding provide a substitute for an appeal, or a means to collaterally challenge a criminal conviction.  *See State v. Braggs,* 1st Dist. Hamilton No. C-130073, 2013-Ohio-3364, ¶ 5-7.

{¶6}   Mr. Wurzelbacher's claims are best cast as raising a claim for relief under Ohio's postconviction statutes, R.C. 2953.21 et seq.  *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.  But Mr. Wurzelbacher's motion was filed too late to meet the statute's requirements, and he did not satisfy the statutory prerequisites to allow the court to entertain a late postconviction claim. *See* R.C. 2953.21(A)(2) and 2953.23(A).  Thus, the court lacked jurisdiction to consider the claim under the postconviction statutes.

### The Sentences are Void in Part

{¶7}   But even though the postconviction statutes are said to provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction in a criminal case," it is the law in Ohio that a court may correct a "void judgment" even in the absence of compliance with the jurisdictional requirements of the postconviction statutes. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

{¶8}   The general rule is that a sentence is void only if the trial court lacked subject-matter jurisdiction or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. In recent years, however, the Ohio Supreme Court has been more willing to find sentences void and has "recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8. That exception has been applied to hold void a sentence that is completely unauthorized by statute, *Colgrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), that does not include a statutorily mandated prison term, *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), that lacks a mandatory driver's license suspension, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus, or a fine, *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus, or that fails to include statutorily mandated notification concerning postrelease control. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864.

{¶9}   ***Allied offenses.*** This court has held that an error involving the allied-offenses statute, R.C. 2941.25, renders a sentence voidable, not void. *State v.*

*Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421; *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811. Therefore, the common pleas court had no jurisdiction to entertain Mr. Wurzelbacher's allied-offenses claim.

{¶10} ***Notification of appeal rights, DNA specimen, or community service in lieu of court costs.*** Our decisions in *Lee* and *Grant* also compel the conclusion that Mr. Wurzelbacher's sentences were not void as a consequence of the trial court's failure to notify him concerning his appeal rights, the DNA-specimen requirement, or the possibility of community service in lieu of court costs. In *Lee*, we held simply that an allied-offenses sentencing error does not render a sentence void because no decision of the Ohio Supreme Court has held that such an error makes a sentence void. *Lee* at ¶ 8. The lead opinion in *Grant* set forth a rationale for finding that such a sentence is not void, based on a distinction between a trial court's error in applying the allied-offenses statute's general rule prohibiting multiple convictions and a court's imposition of a sentence that is void because it did not include a statutorily mandated term (postrelease control, driver's license suspension, statutorily mandated fine) or was completely unauthorized by law. *Grant* at ¶ 15-16.

{¶11} The Ohio Supreme Court has not held that the failure to provide notification concerning appeal rights, the DNA-specimen requirement, or community service in lieu of costs renders a sentence void. Nor do these omissions involve the failure to impose a statutorily mandated sentencing term or a sentence that is completely unauthorized by statute. Thus, the common pleas court had no jurisdiction to review these claims.

{¶12} *Driver's license suspension and postrelease control.* We find curious, at best, Mr. Wurzelbacher's objection to the trial court's failure to suspend his driver's license or to provide the requisite notification that would have allowed the Ohio Adult Parole Authority to impose postrelease control. Obviously, the errors committed in these regards inured to his benefit. But based upon Supreme Court precedent, we are compelled to find that these errors render his sentences void in part.

{¶13} Under R.C. 2925.03(D)(2), the trial court was required to suspend Mr. Wurzelbacher's driver's license in sentencing him for his felony drug offenses. A review of the sentencing entry indicates that the court failed to do so. Accordingly, to the extent that those sentences lacked a license suspension, they are void. *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, at paragraph one of the syllabus.

{¶14} Similarly, the trial court was required to include a term of postrelease control in each of Mr. Wurzelbacher's felony sentences, by notifying him about postrelease control at his sentencing hearing and by incorporating postrelease-control notification in his judgment of conviction. R.C. 2967.28, 2929.14(F), and 2929.19(B)(3)(c) through (B)(3)(e); *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus. We do not have before us a transcript of Mr. Wurzelbacher's sentencing hearing, because he did not pursue a direct appeal from his convictions, and because he did not request that a transcript be prepared for the common pleas court's decision on his postconviction motion. We must, therefore, presume that he was properly notified concerning postrelease control at sentencing. But the trial court failed to include any postrelease-control notification

in the judgment of conviction. Thus, to the extent that his sentences lacked postrelease-control notification, they are void as well.

{¶15} Of course, these errors do not make any of the three sentences Mr. Wurzelbacher received void in their entirety. Instead, only "that *part* of the sentence [that fails to include the statutorily-mandated term] is void and must be set aside." *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 26 (emphasis in original); *see Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, at ¶ 16. In other words, that portion of each sentence that does not exist, but that should exist, is void.

{¶16} The void portion of a sentence is subject to review at any time, whether on direct appeal or in a collateral proceeding. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph one of the syllabus and ¶ 26-27. Therefore, the common pleas court had jurisdiction to review and to set aside the offending portions of Mr. Wurzelbacher's sentences.

{¶17} But the void portion of a sentence must be corrected before the offender has completed his sentence. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70*; State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18 (modified on other grounds in *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus). Mr. Wurzelbacher was long ago discharged on his convictions. Accordingly, the common pleas court had no jurisdiction to correct his sentences to impose the mandatory license suspension or postrelease control. Nor could the Ohio Adult Parole Authority place him under postrelease-control supervision or sanction him for any postrelease-control violation. *See Bloomer* at ¶ 73; *Bezak* at ¶ 18.

{¶18} *Decision affirmed as modified with instructions.* The trial court properly denied Mr. Wurzelbacher the relief he sought in his motion, and we, therefore, overrule his four assignments of error. Because the trial court lacked jurisdiction to entertain the motion under the postconviction statutes or to grant the declaratory relief sought by Mr. Wurzelbacher, the motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified. Consistent with the actions of the Supreme Court in the *Bloomer* and *Bezak* cases, we remand this case to the common pleas court with instructions to note on the record that, because Mr. Wurzelbacher has been discharged, the court may not now correct the sentences to impose the license suspension or postrelease control. *See Bloomer* at ¶ 73; *Bezak* at ¶ 18.

Judgment accordingly.

DINKELACKER, J., concurs.
CUNNINGHAM, P.J., concurs in part and dissents in part.

CUNNINGHAM, P.J., concurring in part and dissenting in part.

{¶19} I concur with the majority's holding that Wurzelbacher's motion was subject to dismissal because neither the Declaratory Judgment Act nor the postconviction statutes conferred upon the common pleas court jurisdiction to entertain the motion. I also agree that the common pleas court had no jurisdiction to review, because the judgment of conviction was not rendered void by, the trial court's failure to notify Wurzelbacher concerning his appeal rights, the DNA-specimen requirement, or the possibility of community service in lieu of court costs. And I agree that his sentences are void, but not subject to correction, to the extent that the

trial court did not impose a mandatory driver's license suspension or postrelease control.

{¶20} But for the reasons set forth in my concurring and dissenting opinions in *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 21-30, and *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, I would hold that the common pleas court had jurisdiction to entertain Wurzelbacher's allied-offenses claim, because a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time. I would also go on to hold that R.C. 2941.25 did not preclude the trial court from sentencing Wurzelbacher for both trafficking offenses and for receiving stolen property, because it is apparent from the record that the charges were based on separate conduct. *See State v. Johnson*, 195 Ohio App.3d 59, 2011-Ohio-3143, 958 N.E.2d 977, ¶ 78 (1st Dist.), citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 49 and 51.

{¶21} Finally, based upon the conflict noted in *Lee*, I would, under the authority of the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?" *See Lee* at ¶ 31.

Please note:

The court has recorded its entry on the date of the release of this opinion.