[Cite as *State v. Lopez*, 2013-Ohio-4141.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120436 |
| | | C-120555 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0402530-B |
| vs. | : | |
| RONNIE LOPEZ, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded in C-120436;
Appeal Dismissed in C-120555

Date of Judgment Entry on Appeal:  September 25, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones,* for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Ronnie Lopez has taken these appeals from the Hamilton County Common Pleas Court's judgments overruling his "Motion to Terminate Post Release [sic] Control." We dismiss as superfluous the case numbered C-120555. In the case numbered C-120436, we affirm the judgment as modified to reflect the dismissal of the motion, because the court lacked jurisdiction under the postconviction statutes to entertain the motion. But we remand this case with instructions to set aside Lopez's sentences to the extent that they are void for inadequate postrelease-control notification and to note on the record that, because he has been released from prison, his sentences may not now be corrected, nor may he be supervised under, or sanctioned for a violation of, postrelease control.

{¶2} In 2005, Lopez was convicted upon no-contest pleas to drug possession and drug trafficking and was sentenced to concurrent eight-year prison terms. He unsuccessfully challenged his convictions in his direct appeal to this court, *see State v. Lopez*, 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781 (1st Dist.), *appeal not allowed*, 110 Ohio St.3d 1467, 2006-Ohio-4288, 852 N.E.2d 1215, and, collaterally, in a postconviction petition filed with the common pleas court. *State v. Lopez*, 1st Dist. Hamilton No. C-060608 (Aug. 17, 2006), *appeal not allowed*, 112 Ohio St.3d 1408, 2006-Ohio-6447, 858 N.E.2d 819; *State v. Lopez*, 1st Dist. Hamilton No. C-060807 (Oct. 18, 2006).

{¶3} In April 2012, Lopez filed with the common pleas court a motion seeking "an order terminating post release [sic] control imposed upon [him] upon his release from the Ohio Department of Rehabilitation and Correction on March 7, 2012." He asserted that his sentences were void because he had not been adequately

notified concerning postrelease control, and that, as a consequence, following his release from prison, his sentences were not subject to correction, and he was not subject to postrelease-control supervision. The common pleas court overruled the motion in its June 2012 "Opinion Denying Motion to Terminate Post-Release [sic] Control * * *" and in its July 2012 "Entry Denying Motion to Terminate Post-Release [sic] Control * * *." These appeals followed.

{¶4} *Appeal No. C-120555 is dismissed.* We note preliminarily that the common pleas court's June 2012 "Opinion," appealed in the case numbered C-120436, and its July 2012 "Entry," appealed in the case numbered C-120555, were identical in substance and effect. Because the June 2012 "Opinion" was a final appealable order, *see* R.C. 2505.02, the July 2012 "Entry," along with the appeal from that entry, was superfluous. We, therefore, dismiss the case numbered C-120555.

{¶5} *The motion was subject to dismissal under the postconviction statutes.* On appeal, Lopez advances a single assignment of error challenging the overruling of his motion. We overrule the assignment of error upon our determination that the motion was subject to dismissal under the postconviction statutes.

{¶6} Lopez did not specify in his motion the statute or rule under which he sought postconviction relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the motion was reviewable under the standards provided

by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶7} But Lopez filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). And R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new or retrospectively applicable right recognized by the United States Supreme Court since the time for filing a postconviction petition expired or since he filed his last postconviction petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶8} The record before us does not, as it could not, demonstrate that, but for the claimed sentencing error, no reasonable factfinder would have found Lopez guilty of the offenses of which he was convicted. Thus, because Lopez satisfied neither the time restrictions of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain his motion. *See* R.C. 2953.23(A).

{¶9} *The sentences are void in part, but not subject to correction, for inadequate postrelease-control notification.* Nevertheless, a court has jurisdiction to review and correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And Lopez's sentences are void to the extent that he was not adequately notified concerning postrelease control.

{¶10} The postrelease-control statutes in effect in 2005, when Lopez was sentenced, required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14[D], 2929.19[B][2][c] through [e], and 2967.28[B] and [C]); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 10-11.

{¶11} In sentencing Lopez for second-degree-felony drug possession and second-degree-felony drug trafficking, the trial court was required to notify him that upon his release, he would be subject to a mandatory three-year period of postrelease control. *See* former R.C. 2929.19(B)(3)(c) and 2967.28(B)(2) (superseded by R.C. 2929.19[B][2][c] and 2967.28[B]). And the court was required to notify him of the consequences of violating postrelease control and of the length of confinement that could be imposed for a violation. *See* former R.C. 2929.19(B)(3)(e) (superseded by R.C. 2929.19[B][2][e]).

{¶12} At Lopez's sentencing hearing, the trial court advised him concerning the consequences of, and the length of confinement that could be imposed for, a postrelease-control violation. But with respect to the length and mandatory nature

of his postrelease-control supervision, the court misinformed him that "upon [his] release, [he] could be placed upon at least three years of post-release control [sic] by the parole board."

{¶13} Nor did the notification incorporated in the judgment of conviction comport with the statutory requirements. The notification simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision of R.C. 2967.28"; it did not specify the duration or the mandatory nature of his postrelease-control supervision or the consequences of, or the length of confinement that could be imposed for, a postrelease-control violation. *See Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, at ¶ 13-20 (noting that the Ohio Supreme Court has not adopted a rule of substantial compliance such that the statutory mandate is satisfied by merely referring to postrelease control or the postrelease-control statute either at sentencing or in the judgment of conviction).

{¶14} To the extent that a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and the void portion of the sentence is subject to review at any time and "must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27. But any correction of the offending portion of the sentence must be accomplished before the offender is released from prison. If it is not, the offender may not be placed under the postrelease-control supervision of the Ohio Adult Parole Authority, nor may he be sanctioned for any postrelease-control violation. *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70-73*; State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18

(modified on other grounds in *Fischer* at paragraph two of the syllabus); *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 28 and 32; *see State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24 (holding that if postrelease-control notification was properly given at the sentencing hearing, flawed notification in the judgment of conviction may be corrected by a Crim.R. 36 nunc pro tunc entry, "as long as the correction is accomplished prior to the defendant's completion of his prison term"). *Accord State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 16-17; *State v. Duncan*, 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 15.

{¶15} Lopez's sentences are void to the extent that he was not adequately notified concerning postrelease control. Therefore, the common pleas court had jurisdiction to review the sentences and to vacate the offending portions. But because Lopez has been released from prison, the common pleas court could not correct his sentences, postrelease control could not be imposed, and Lopez could not be sanctioned for any postrelease-control violation.

{¶16} ***We affirm, but remand with instructions.*** To summarize, we dismiss the case numbered C-120555 as superfluous to the case numbered C-120436. And we hold that Lopez's "Motion to Terminate Post Release [sic] Control" was subject to dismissal, because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motion on its merits. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect a dismissal of the motion. And we affirm the judgment as modified.

{¶17} The court did have jurisdiction to review and to vacate Lopez's sentences as void to the extent that they were not imposed in conformity with the

statutory mandates concerning postrelease control. But the court could not correct the offending portions of the sentences because Lopez had completed his sentences. Accordingly, we remand with instructions to vacate the void portions of the sentences and to note on the record that, because Lopez has completed his sentences, the offending portions of his sentences may not be corrected, postrelease control may not be imposed, and Lopez may not be sanctioned for any postrelease-control violation.

Judgment accordingly.

CUNNINGHAM, P.J., and DINKELACKER, J., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.