[Cite as *State v. Ysrael*, 2015-Ohio-332.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140148 |
| | | TRIAL NO. B-0905094 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| ELIJAH YSRAEL, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part as Modified, and Appeal Dismissed in Part

Date of Judgment Entry on Appeal:    January 30, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Elijah Ysrael,* pro se.

Please note:  we have removed this case from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal from the trial court's decision that denied two separate postconviction motions filed by Elijah Ysrael.

{¶2} The first motion asked the trial court to "journalize an amendment to the bill of particulars." We conclude that this motion should have been dismissed by the trial court because the court lacked jurisdiction to consider it under the postconviction statutes. Thus we affirm the judgment but modify it to reflect a dismissal.

{¶3} The second motion sought resentencing based upon the trial court's asserted failure to properly impose postrelease control. But Mr. Ysrael has already been released from prison, and there is no indication in our record that he has been placed on postrelease control. Thus, the issue is moot, and we dismiss this portion of the appeal.

*I. Background*

{¶4} In August 2010, Mr. Ysrael was convicted of cocaine trafficking. We have heard frequently from him since.

{¶5} We twice remanded his case: first, for the imposition of a mandatory fine; and then, for community-service-in-lieu-of-costs notification. *State v. Ysrael*, 1st Dist. Hamilton No. C-100622 (Nov. 23, 2011); *State v. Ysrael*, 1st Dist. Hamilton Nos. C-100622 and C-120263 (Mar. 27, 2013). *See State v. Ysrael*, 1st Dist. Hamilton Nos. C-130847 and C-140015 (Sept. 26, 2014) (affirming the judgment entered after remand for community-service notification). Mr. Ysrael has also mounted a number of unsuccessful collateral challenges to his conviction. *See State v. Ysrael*, 1st Dist. Hamilton No. C-120385 (Mar. 6, 2013).

{¶6}    In a single entry dated February 13, 2014, the common pleas court overruled two of the many postconviction motions filed by Mr. Ysrael:  his August 2012 "Motion for Journalization of Amendment to Bill of Particulars" and his January 2014 "Motion for Resentencing Based on Void Judgment."  Mr. Ysrael now appeals and raises an assignment of error pertaining to each motion.

## II. No Jurisdiction in the Trial Court to Entertain the August 2012 Motion

{¶7}    In his first assignment of error, Mr. Ysrael challenges the overruling of his August 2012 motion asking the common pleas court to journalize an amendment to the bill of particulars filed in his case.

{¶8}    The claims in his August 2012 motion are best cast as raising a claim under Ohio's postconviction-relief statutes, R.C. 2953.21 et seq.  *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.  But the motion was filed too late to meet the statute's requirements, and did *not* meet the statutory prerequisites for a late postconviction claim.  *See* R.C. 2953.21(A)(2) and 2953.23(A)(1).  And while a court always has jurisdiction to correct a void judgment, *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, the error asserted here is not one that would render a conviction void.  *See State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16.  Because the common pleas court had no jurisdiction to entertain Mr. Ysrael's motion, we overrule the first assignment of error.

### III. The Appeal from the January 2014 Motion is Moot

{¶9}   In his second assignment of error, Mr. Ysrael challenges the common pleas court's refusal to correct the postrelease-control portion of his sentence.  We do not reach the merits of the challenge, because we conclude that the appeal is moot.

{¶10}  Mr. Ysrael seeks a remand to correct the postrelease-control portion of his sentence.  He argues that his sentence was improper because the trial court did not properly inform him at sentencing that following his release from prison, he could be placed on postrelease control for a term of up to three years.   A sentence is void to the extent that it does not include a statutorily mandated term of postrelease control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26.  And that part of the sentence is subject to correction, unless the offender has been released from prison.  *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70-73.  Thus, the trial court had jurisdiction to consider the January 2014 motion.

{¶11}  But Mr. Ysrael was convicted on August 27, 2010, and sentenced to four years in prison; therefore, the record before us may fairly be read to demonstrate that, by October 2014, when this appeal was submitted, Mr. Ysrael had been released from prison.  Further, there is no indication in the record that Mr. Ysrael was placed on postrelease control upon his release from prison, and even Mr. Ysrael does not suggest that he has.

{¶12}  It has long been the rule in Ohio that an appeal from a conviction is moot when the offender has completed his sentence and has failed to sustain his burden of demonstrating a collateral disability or loss of civil rights stemming from that conviction.  *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987); *State v.*

4

*Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975). But recognizing "the numerous adverse collateral consequences imposed upon convicted felons," the Supreme Court, in *State v. Golston*, 71 Ohio St.3d 224, 227, 643 N.E.2d 109 (1994), "adopted a conclusive presumption that '[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment.' " *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 19, quoting *Golston* at syllabus. Thus, the court held that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *Golston* at syllabus.

{¶13} Mr. Ysrael was convicted of a felony, but on appeal he challenges only the common pleas court's refusal to correct the postrelease-control portion of his sentence, not other aspects of the conviction. *Compare State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus (holding that "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence"). The *Golston* rule recognizes that a convicted felon who has completed his sentence should not suffer the collateral consequences associated with a felony conviction without being afforded an opportunity to challenge that conviction. But that principle is not served, and thus an appeal is moot, when, as here, the appellant challenges only his sentence, and his completion of his sentence leaves him without a remedy affecting his conviction. *See, e.g., State v. Bellomy,* 9th Dist. Medina No. 12CA0075-M, 2013-Ohio-3187; *State v. Crockran*, 2d Dist. Clark No. 05CA0018, 2006-Ohio-3192; *City of Columbus v. Duff*, 10th Dist. Franklin No. 04AP-901, 2005-

5

Ohio-2299; *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10; *State v. Howell*, 5th Dist. Stark No. 2001CA00346, 2004-Ohio-3947; *State v. Pompei*, 8th Dist. Cuyahoga No. 79541, 2001 Ohio App. LEXIS 5052 (Oct. 25, 2001); *State v. Blivens*, 11th Dist. Lake No. 98-L-189, 1999 Ohio App. LEXIS 4647 (Sept. 30, 1999).

{¶14} An appellant bears the burden of demonstrating that he is entitled to the relief he seeks. *See* App.R. 12 and 16. Mr. Ysrael has failed to sustain that burden. Mr. Ysrael has been released from prison, and the record does not show that he was placed on postrelease control. Because he is no longer serving his sentence or subject to postrelease control, there is no remedy this court may provide.

{¶15} The dissent takes exception with the result we reach here, saying that "there is no precedent for holding an appellate challenge to a sentence moot, based on nothing more than the state's unsubstantiated statement in its brief that the appellant has completed his sentence." But, of course, we are not dismissing the appeal based on the state's assertion; we are dismissing the appeal because Mr. Ysrael has completed his term of imprisonment and there is nothing in the record to demonstrate that Mr. Ysrael has been placed on postrelease control. In doing so, we are simply applying the long-established rule that an appellant must show his entitlement to the relief he requests.

{¶16} The dissent protests also that we "saddle[] the appellant with the burden of demonstrating that his appellate challenge to his sentence is not moot." But the "saddle" about which the dissent complains, is at the core of our jurisprudential system. To quote the United States Supreme Court, "Collateral review of a final judgment is not an endeavor to be undertaken lightly. It is not

6

warranted absent a showing that the complainant suffers actual harm from the judgment that he seeks to avoid." *Lane v. Williams*, 455 U.S. 624, 633, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

{¶17} Relying upon *State v. Bloomer*, *supra*, the dissent argues that we should remand with instructions to the trial court. But in *Bloomer*, the appeal was not moot: all the defendants in that consolidated case were either in prison or serving a term of postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 21-73. The same is true of *State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727, ¶ 4, *State v. Duncan*, 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 1, and *State v. Lopez*, 1st Dist. Hamilton Nos. C-120436 and C-120555, 2013-Ohio-4141, ¶ 3, cases which are also cited by the dissent. The only exception is *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 17, a case in which the defendant had been released from prison and postrelease control was not imposed. In that case, we did not consider whether the appeal might be moot and proceeded instead to the merits of Mr. Wurzelbacher's appeal. In retrospect, that case would have been more appropriately dismissed as moot.

{¶18} Our role is "to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). The mootness doctrine keeps the judiciary in its proper role by prohibiting us from answering purely hypothetical questions as the dissent would have us do here. Where a case is moot, we have no "power to act" and there is "nothing for us to remedy." *Spencer v. Kemna*, 523 U.S. 1, 56, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998). "We are not in the

business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id.*

{¶19} Mr. Ysrael's appeal from the court's judgment overruling his January 2014 motion is moot.

## IV. Conclusion: Judgment Affirmed in Part as Modified and Appeal Dismissed in Part

{¶20} To summarize, Mr. Ysrael's August 2012 motion was subject to dismissal, because the common pleas court lacked jurisdiction to entertain the motion on its merits. Thus, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect a dismissal of that motion. And we affirm as modified that part of the judgment.

{¶21} The common pleas court had jurisdiction to entertain Mr. Ysrael's challenge in his January 2014 motion to the postrelease-control portion of his sentence. But his appeal from the court's judgment overruling that motion is dismissed as moot, because his sentence was not subject to correction after he had been released from prison.

Judgment accordingly.

FISCHER, J., concurs.
CUNNINGHAM, P.J., concurs in part and dissents in part.

CUNNINGHAM, P.J., concurring in part and dissenting in part.

{¶22} I concur with the majority's holding, in deciding Ysrael's first assignment of error, that the common pleas court should have dismissed for lack of jurisdiction his August 2012 motion seeking amendment of his bill of particulars. But I dissent from the majority's dismissal of the appeal as moot to the extent that it

was taken from the overruling of his January 2014 motion seeking correction of the postrelease-control portion of his sentence. While I agree that the record may fairly be read to show that Ysrael was, prior to the submission of this appeal, released from prison, I would not apply the mootness doctrine to avoid deciding Ysrael's second assignment of error, because the record does not show that he has completed the postrelease-control portion of his sentence. I would also hold that that portion of his sentence is void for inaccurate postrelease-control notification, and I would remand with instructions to set aside that portion of the sentence and to note that, because Ysrael has been released from prison, the sentence may not now be corrected.

{¶23} Ysrael was convicted on August 24, 2010, of cocaine trafficking and was sentenced to four years in prison. Because his offense was a third-degree felony, the trial court was also required to include as part of his sentence, and to notify him at both the sentencing hearing and in the judgment of conviction that he was subject to, a discretionary period of postrelease control of "up to three years," following his release from prison. *See* R.C. 2967.28(C) and former R.C. 2929.19(B)(3)(d) (now R.C. 2929.19(B)(2)(d)). The notification incorporated into Ysrael's judgment of conviction comported with the statutory requirements. But at the sentencing hearing, the trial court said, "You need to be aware of [the] possibility that you could be on postrelease control after you leave prison. That's for three years." Thus, the notification provided at the sentencing hearing was inaccurate concerning the duration of postrelease control.

{¶24} On appeal, this court twice remanded to the trial court for resentencing: first, for the imposition of a mandatory fine; and then, for community-service-in-lieu-of-costs notification. *State v. Ysrael*, 1st Dist. Hamilton No. C-

9

100622 (Nov. 23, 2011); *State v. Ysrael*, 1st Dist. Hamilton Nos. C-100622 and C-120263 (Mar. 27, 2013). *See State v. Ysrael*, 1st Dist. Hamilton Nos. C-130847 and C-140015 (Sept. 26, 2014) (affirming the judgment entered upon imposing the fine). In each instance, the court properly incorporated postrelease-control notification into the judgment of conviction. But the court did not correct the inaccurate postrelease-control notification provided at Ysrael's 2010 sentencing hearing.

{¶25} When a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, that portion of the sentence is void, and the void portion of the sentence "may be reviewed at any time," "must be set aside," and "is subject to * * * correction" unless the offender has been released from prison. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70-73. The postrelease-control portion of Ysrael's sentence was void for inaccurate postrelease-control notification. *See State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727, ¶ 6-7 (holding that postrelease-control notification was inaccurate because defendant was told at sentencing that he was subject to postrelease control of "up to five years," when the statutory term was five years). Accordingly, in January 2014, when he moved for resentencing on that ground, the common pleas court had jurisdiction to review, vacate, and correct the offending portion of the sentence.

{¶26} The majority holds that Ysrael's challenge here to the common pleas court's failure to exercise that jurisdiction is now moot, based on the state's assertion in its brief that Ysrael has since been released from prison and was not placed on postrelease control. But the mootness doctrine comes into play only if the offender

has completed his sentence. And Ysrael cannot be said to have completed his sentence, when the record before us does not demonstrate that he is not presently serving the postrelease-control portion of his sentence.

{¶27} Ysrael's four-year prison term was imposed on August 24, 2010. Because his sentence was not suspended, he was required to be conveyed to prison within five days of sentencing and to remain there until his prison term had expired or he had been "pardoned, paroled, or placed under a post-release control sanction." *See* R.C. 2949.12. Thus, the record before us may fairly be read to demonstrate that Ysrael was released from prison by the end of August 2014.

{¶28} When, as here, an offender's sentence includes a discretionary period of postrelease control of up to three years, the adult parole authority must determine before his release "whether a post-release control sanction is necessary and, if so, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances." R.C. 2967.27(D)(1). If a postrelease-control sanction is determined to be necessary and reasonable, the postrelease-control period begins when the offender is released from prison. R.C. 2967.27(D)(1) and (4).

{¶29} While the record here may be read to demonstrate that Ysrael was released from prison by the end of August 2014, it offers no hint concerning the adult parole authority's decision about postrelease control. Nevertheless, the majority, prompted by the state's unsupported assertion in its brief that Ysrael is not on postrelease control, holds that this appeal is subject to dismissal as moot to the extent the postrelease-control challenge advanced in his second assignment of error, because he has failed to sustain the "burden" imposed by App.R. 12 and 16 of

11

"show[ing] his entitlement to the relief he requests," when "the record does not show that he was placed on postrelease control."

{¶30} But Ysrael has satisfied every requirement identified in the Ohio Constitution, the Ohio Rules of Appellate Procedure, and the Ohio Revised Code for perfecting and maintaining this appeal. He has successfully invoked the jurisdiction of this court to review the common pleas court's order denying correction of the postrelease-control portion of his sentence by timely filing a notice of appeal that was properly constituted and served and taken from a final appealable order. *See* Article 4, Section 3(B)(2), Ohio Constitution; App.R. 3 and 4; R.C. 2505.02, 2505.03, and 2953.08(A)(4). He has satisfied his obligations concerning the record on appeal. *See* App.R. 9, 10, and 11. His brief was filed in conformity with App.R. 13 and 18 and comports in all its particulars with the requirements of App.R. 12, 16, and 19. Specifically, in his second assignment of error, he "separately" argues and "identifi[es] in the record the error on which the assignment of error is based." App.R. 12(A)(2). And that assignment of error has not been rendered moot by a ruling on any other assignment of error.

{¶31} Because Ysrael has complied with the relevant rules and constitutional and statutory provisions for perfecting and maintaining this appeal, this court has a duty to "review * * * the judgment or final order appealed," to "[d]etermine the appeal on its merits on the assignments of error set forth in the brief[]," to "decide each assignment of error and give reasons in writing for [the] decision," and upon that decision, to "affirm, modify, or reverse the judgment or final order appealed" and enter judgment accordingly. App.R. 12(A) and (B). Of course, this court has no duty to decide an assignment of error that is "moot" in the sense that the court

cannot provide the appellant with any meaningful relief. *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910). But there is no precedent for holding an appellate challenge to a sentence moot, based on nothing more than the state's unsubstantiated statement in its brief that the appellant has completed his sentence.

{¶32} In *State v. Johnson*, 43 Ohio App.3d 1, 538 N.E.2d 1082 (1st Dist.1988), we sought to reconcile the inconsistencies in our jurisprudence concerning the procedure for determining when an assignment of error may be dismissed as moot. *Id.* at fn. 2. *See, e.g., State v. McClanahan*, 1st Dist. Hamilton No. C-77188, 1978 Ohio App. LEXIS 10966 (Mar. 15, 1978) (holding that completion of the sentence may be demonstrated by attaching the clerk of court's certification of payment of a fine and costs to a motion to dismiss the appeal, but that evidence demonstrating a collateral disability or loss of civil liberties may not be attached to a motion in the appeals court seeking to supplement the record, and must instead be submitted to the trial court and certified to the appeals court through a supplemental transcript). The Ohio Supreme Court had, in *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E. 2d 500 (1978), held that a reviewing court may not add matter to the trial record and then decide an appeal based on the new matter. In *Johnson*, we found *Ishmail* distinguishable, because a mootness determination goes not to the merits of a challenge advanced on appeal, as in *Ishmail*, but to "the duty and authority" of the reviewing court to decide the challenge. Thus, we held in *Johnson* that mootness is to be decided solely by the reviewing court, and tha*t Ishmail* does not prohibit a reviewing court from considering new matter in determining mootness. *Id.* at fn. 1.

{¶33} *Johnson* did not ultimately provide the desired consistency concerning the proper procedure for determining mootness. For example, in *State v. Welsh*, 1st

Dist. Hamilton No. C-970032, 1998 Ohio App. LEXIS 1591 (Apr. 17, 1998), we held that, for purposes of determining mootness, evidence demonstrating a collateral disability or loss of civil rights must be presented in the trial court. And in *Swaters v. Lawson*, 1st Dist. Hamilton Nos. C-130604 and C-130627, 2014-Ohio-2252, ¶ 8-9 (May 28, 2014), we overruled the appellee's motion to dismiss the appeal as moot, because the supporting affidavit and exhibits showing satisfaction of the judgment were not before the trial court and thus not part of the appellate record within the meaning of App.R. 9(A).

{¶34} But *Johnson* reaffirmed this court's long-standing position that any inquiry into mootness may proceed only upon an affirmative demonstration that the appellant has completed his sentence. *Johnson* at 2 (citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E. 2d 236 (1975) for the "[un]dispute[d]" principle that the mootness issue arises only "after a defendant has fully satisfied his penalty"); *see State v. Tsibouris*, 1st Dist. Hamilton Nos. C-120414 and C-120415, 2014-Ohio-2612, ¶ 16-18 (rejecting the state's mootness argument, because the record showed that appellant had involuntarily served only part of her jail sentence and had not paid jury fees); *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, ¶ 2-4 (holding that mootness was not shown by counsel's statement at a hearing of her "belie[f]" that appellant had completed his work detail, when the record did not affirmatively demonstrate that appellant had paid court costs or served the work detail); *State v. Cooper*, 1st Dist. Hamilton No. C-030921, 2004-Ohio-6428, ¶ 27 (holding that assignments of error were not moot, because the record showed that appellant had involuntarily served his sentence of confinement after he had moved for, and been denied, a stay of execution); *City of Cincinnati v. Baarlaer*, 115 Ohio

App.3d 521, 524, 685 N.E.2d 836 (1st Dist.1996) (rejecting the state's mootness challenge, because the record showed that appellant had involuntarily served his sentence of confinement after he had been granted a stay of execution, but had been unable to post bond); *State v. Harris*, 109 Ohio App.3d 873, 875, 673 N.E.2d 237 (1st Dist.1996) (overruling the state's motion to dismiss the appeal as moot, "because there is no demonstration in the record certified to this court that [appellant] has, in fact, satisfied the sentence of incarceration meted out by the trial court"); *State v. Banes*, 1st Dist. Hamilton No. C-860084, 1986 Ohio App. LEXIS 9112 (Nov. 19, 1986) (holding the appeal moot, when the trial court had journalized an entry discharging appellant early upon compliance with the terms of his probation and satisfaction of his financial obligations, and when no evidence was offered from which an inference could be drawn that appellant would suffer a collateral disability or loss of civil rights); *State v. Kuhlman*, 1st Dist. Hamilton No. C-810169, 1981 Ohio App. LEXIS 12542 (Dec. 30, 1981) (holding the appeal moot, when the fine and costs were paid and "there [was] no 'evidence' " of a collateral disability); *Cincinnati v. Kleve*, 1st Dist. Hamilton Nos. C-77600, C-77601, C-77684, C-77852, and C-780067, 1979 Ohio App. LEXIS 10199 (Apr. 11, 1979) (holding the appeal moot, when "it [was] manifest" from the record that the probation period had expired); *State v. McClanahan*, 1st Dist. Hamilton No. C-77188, 1978 Ohio App.LEXIS 10966 (holding the appeal moot, when the state demonstrated completion of the sentence by attaching to its motion to dismiss the clerk of court's certification that the fine and costs had been paid, and when appellant improperly attached his documentation of a collateral disability to his motion to supplement the appellate record, instead of properly filing it with the trial for certification to the appeals court through a

supplemental transcript). *See also Pieper v. Pieper*, 1st Dist. Hamilton No. C-900048, 1991 Ohio App. LEXIS 327 (Jan. 30, 1991) (holding a civil appeal to be moot upon the appellee's assertion, and the appellant's concession, that the appellant had voluntarily complied with the trial court's order). *Contra State v. Montgomery*, 1st Dist. Hamilton No. C-820779, 1983 Ohio App. LEXIS 11827 (Aug. 31, 1983) (holding that while the record did not demonstrate nonpayment of court costs, an indigent appellant's appeal was moot, because he had completed his term of confinement and had not demonstrated a collateral disability or loss of civil rights).

{¶35} Thus, the determination whether an assignment of error is moot is for the court of appeals, because it goes to an appellate court's duty under App.R. 12 to decide a properly submitted assignment of error. App.R. 15 may fairly be read to permit mootness to be raised in the appeals court by means of a motion supported by evidence outside the trial record. And our decisions provide some precedent for holding an assignment of error moot based on documentation properly submitted to this court, showing that the appellant has completed his sentence. But the authorities are legion against holding an assignment of error moot based solely upon the state's unsupported statement to that effect in its brief.

{¶36} Nevertheless, the majority does just that and, in doing so, saddles the appellant with the burden of demonstrating that his appellate challenge to his sentence is not moot. The majority imposes this burden despite the absence of any rule, statute, or case authority that might fairly be said to impose such a burden and without any hint as to how Ysrael might have satisfied that burden.

{¶37} Moreover, the absence of any suggestion in the record before us concerning the adult parole authority's decision about postrelease control for Ysrael

leaves open the possibility that, upon his release from prison, he began supervision under a period of postrelease control for up to three years. If he is, in fact, presently under postrelease-control supervision, he is subject to the attendant conditions and consequences, including a return to confinement if he violates the conditions of postrelease control. And holding his second assignment of error moot will have the unfortunate, and surely unintended, effect of subjecting him to those conditions and consequences with no means for challenging the legality of his postrelease-control sanction.

{¶38} I would, therefore, follow our precedent and hold that Ysrael's second assignment of error is not moot, because the record before us does not affirmatively demonstrate that Ysrael is not on postrelease control. I would also hold that the common pleas court had jurisdiction to review and vacate that portion of Ysrael's sentence that was void for inaccurate postrelease-control notification. And I would remand this case to the court with instructions to vacate the void portion of the sentence and to note on the record that, because Ysrael has completed his prison sentence, the offending portion of his sentence may not be corrected, and he may not be supervised on postrelease control or be sanctioned for any postrelease-control violation. *See Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70-73. *Accord Arszman,* 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727, at ¶ 6-7; *State v. Lopez,* 1st Dist. Hamilton Nos. C-120436 and C-120555, 2013-Ohio-4141, ¶ 14-17; *State v. Wurzelbacher,* 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 16-18; *State v. Duncan,* 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 15.

Please note:

The court has recorded its entry on the date of the release of this opinion.