[Cite as *State v. Sherman*, 2025-Ohio-976.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240472 |
| | | TRIAL NO. B-2301861 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| IAN SHERMAN, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 21, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Derek W. Gustafson*, for Defendant-Appellant.

**MOORE, Judge.**

**{¶1}** Defendant-appellant Ian Sherman appeals the trial court's denial of his motion for jail-time credit, arguing the court failed to apply 119 days of the 269 days he was confined pending a 2022 conviction for having weapons while under a disability ("WUD") to the sentence he received for a 2023 WUD conviction.

**{¶2}** In revoking Sherman's community control and imposing 18-month sentences on both matters, the trial court correctly applied jail-time credit to both sentences. Sherman's 2023 WUD case was unrelated to the other WUD case. In fact, the 2023 WUD case did not exist during the time Sherman was confined prior to the 2022 WUD conviction and it stemmed from a different disability. It is improper to apply jail-time credit to a sentence in an unrelated case. For that reason, we affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶3}** In November 2021, Sherman was charged with WUD, a third-degree felony, in violation of R.C. 2923.13(A)(2), in the case numbered B-2105742. Sherman had been held for 269 days in jail before being found guilty in March 2022 and sentenced to three years of community control.

**{¶4}** In June 2023, Sherman was convicted of a new WUD offense in the case numbered B-2301861, a third-degree felony, in violation of R.C. 2923.13(A)(2). He was held for 150 days in jail prior to that conviction. As Sherman was still under community control for the 2022 conviction, he was sentenced to a new period of community control. The terms were to be served concurrently.

**{¶5}** In September 2023, Sherman was charged with violating community control under both the B-2105742 and B-2301861 cases for "possession and hav[ing] access to several firearms during a home contact." The trial court revoked the

community control imposed in both cases and sentenced Sherman to concurrent 18-month prison terms. Sherman received jail-time credit for the 150 days he served prior to being convicted in the case numbered B-2301861.

**{¶6}** In the case numbered B-2105742, he received credit for the 269 days he served prior to being convicted in that case in February 2022.

**{¶7}** Sherman filed a motion for jail-time credit, asserting he should have received the same jail-time credit in both prison terms because his sentences were to run concurrently. The trial court denied his motion, finding (1) *State v. Fugate*, 2008-Ohio-856, and R.C. 2967.191 do not require "that a defendant be given additional days of credit for the time he served in jail pretrial on another, unrelated offense, and unlike in *Fugate*, Sherman was awarded credit in both sentences (2)."

**{¶8}** This appeal followed.

## II.   Analysis

### A. Mootness

**{¶9}** Before we can address Sherman's assignments of error, we must first determine whether his appeal is moot as he was released from prison in November 2024. He remains under postrelease control.

**{¶10}** Generally, an offender who has completed his sentence must sustain his burden of demonstrating a collateral disability or loss of civil rights stemming from that conviction. *State v. Wilson*, 41 Ohio St.2d 236, 237 (1975). Demonstrating a collateral disability would satisfy this burden.

**{¶11}** A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served. *State v. O'Mara*, 2024-Ohio-757, ¶ 23 (2d Dist.). Felony convictions result in collateral disabilities as a matter of law. *State v. Golston*, 71 Ohio St.3d 224, 227-228

3

(1994).

**{¶12}** Ohio courts have held that an offender who has completed his or her sentence but is under postrelease control satisfies this burden of demonstrating an adverse consequence and defeats the mootness argument. *See State v. Ambriez*, 2005-Ohio-5877, ¶ 10 (6th Dist.) (Appeal was moot where appellant only challenged his sentence and not his convictions, and distinguishing *Golston*, was not subject to postrelease control.); *State v. Ysrael*, 2015-Ohio-332, ¶ 13-15 (1st Dist.) (There was no remedy available to Ysreal because he had challenged his conviction but not his completed sentence and was not subject to postrelease control.); *State v. Hatfield*, 2019-Ohio-3291, ¶ 16-17 (2d Dist.) (No remedy to afford where appellant had been released from prison and was not under postrelease control.).

**{¶13}** Accordingly, this matter is not moot as Sherman is under postrelease control.

### B. The trial court appropriately applied the jail-time credit

**{¶14}** Although this appeal is not moot, it fails on the merits.

**{¶15}** In his sole assignment of error, Sherman argues the trial court erred in declining to award him the same jail-time credit in the case numbered B-2301861 as it did in the case numbered B-2105742. He contends the WUD charges arose from the same disability and his prison sentences under both cases were ordered to run concurrently. Sherman asserts having been confined "in excess of the sentence imposed" is a violation of his equal-protection rights.

**{¶16}** R.C. 2967.191(A) provides relevant in part,

The department of rehabilitation and correction shall reduce the prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner

4

was convicted and sentenced, including confinement in lieu of bail while awaiting trial.

**{¶17}** The Ohio Supreme Court stated that the objective is to comply with "the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Fugate*, 2008-Ohio-856, at ¶ 11. Sherman cites *Fugate* in support of his argument, but he misconstrues the holding as applied to his case.

**{¶18}** In *Fugate*, the Ohio Supreme Court considered the calculation of jail-time credit for concurrent sentences under R.C. 2967.191. In Fugate's underlying criminal case, he was held in custody prior to being sentenced on charges for burglary, theft, and a community-control violation. *Id*. at ¶ 2. Fugate was sentenced to concurrent prison terms upon his conviction of those charges. *Id*. However, Fugate only received jail-time credit for the prison term for the community-control violation. *Id*. Reviewing Fugate's contention on appeal that he was entitled to additional jail-time credit, the Court held that, "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held," and "[s]o long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence." *Id*. ¶ 12.

**{¶19}** Sherman was not being held in the case numbered B-2301861 when he served the 269 days in the case numbered B-2105742—in fact, the case numbered B-2301861 did not even exist at that time. Instead, each WUD charge levied against Sherman was based on different facts and involved different time periods and different disabilities. Therefore, any jail-time days Sherman served in the case numbered B-2105742 only applies to the sentence imposed for *that* WUD conviction—"the sentence corresponding to the offense for which the prisoner was confined before receiving that

5

sentence." *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-5231, ¶ 9. That jail time does not apply to Sherman's 18-month sentence imposed for the WUD conviction in the case numbered B-2301861 because it is a different criminal offense in a different case. Additionally, jail-time credit is not "additive" and does not automatically apply to "to each concurrent sentence." *Id.*

**{¶20}** The trial court did not err in denying Sherman's motion for jail-time credits so no equal-protection violation occurred, and therefore, we overrule appellant's sole assignment of error.

### III.    Conclusion

**{¶21}** The trial court followed *Fugate* and properly applied the appropriate jail-time credit to each of Sherman's 18-month prison sentences. Therefore, we affirm the trial court's judgment.

Judgment affirmed.

CROUSE, P.J., and NESTOR, J., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.