[Cite as *State v. Williams*, 2015-Ohio-4576.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRIAN L. WILLIAMS | : | Case No. 15 CAA 03 0023 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Delaware County
Court of Common Pleas, Case No.
08CR-I-06-0347

JUDGMENT: Affirmed

DATE OF JUDGMENT: November 3, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAROL HAMILTON O'BRIEN           BRIAN L. WILLIAMS, pro se
Prosecuting Attorney                    CCI, #A586-903
                                        P.O. Box 5500
By: DOUGLAS N. DUMOLT              Chillicothe Correctional Institution
Assistant Prosecuting Attorney         15802 State Route 104 North
Delaware County Prosecutor's Office    Chillicothe, OH 45061
140 North Sandusky Street
Delaware, OH 43015

*Baldwin, J.*

{¶1}  Appellant Brian L. Williams appeals a judgment of the Delaware County Common Pleas Court dismissing his motion to present plain errors and defects. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}  On June 23, 2008, appellant entered a guilty plea to a Bill of Information charging him with two counts of sexual battery in violation of R.C. 2907.03(A)(12). According to information presented at the sentencing hearing, appellant had both oral and vaginal sex with a 15-year-old member of the church at which he worked as a pastor.  Appellant had been counseling the victim for personal and mental health problems.  The court sentenced appellant to four years incarceration on each count, to be served consecutively.

{¶3}  Appellant filed a "motion to present plain errors and defects and request for an evidentiary hearing to correct an illegal sentence" on November 25, 2014.  In his motion, appellant argued that the charges were allied offenses of similar import, that the court erred in sentencing him to consecutive sentences, that the court failed to advise him of his right to appeal at sentencing, and that his trial counsel was ineffective.  The trial court overruled the motion, finding that appellant's claims should have been raised on direct appeal or pursuant to a timely petition for postconviction relief under R.C. 2953.21.

{¶4}  Appellant assigns the following errors to this Court:

{¶5}  "I.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING DEFENDANT'S CLEARLY DEFINED MOTION TO PRESENT PLAIN

ERRORS TO CORRECT AN ILLEGAL SENTENCE AS AN IMPROPER SUBSTITUTE FOR AN APPEAL OR POSTCONVICTION RELIEF.

{¶6} "II.    THE TRIAL COURT ERRED BY DETERMINING THAT TWO COUNTS OF SEXUAL BATTERY; WHICH OCCURRED ON THE SAME DAY, DATE AND TIME INVOLVING THE SAME VICTIM WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT UNDER O.R.C. SECTION 2941.25(B); AND THIS WAS PLAIN ERROR WHICH IS ON THE FACE OF THE RECORD AND CAN BE NOTICED AT ANY TIME; NOT BARRED BY WAIVER OR RES JUDICATA.

{¶7} "III.    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY RUNNING    APPELLANT'S    SENTENCES    CONSECUTIVELY;    WITHOUT ESTABLISHING A NEED FOR CONSECUTIVE SENTENCES UNDER THE MANDATES OF THE FELONY SENTENCES STATUTES AND THE SPECIFIC PROVISIONS OF O.R.C. SECTION 2929.14(E)(4).

{¶8} "IV.    THE TRIAL COURT ERRED AND DENIED APPELLANT DUE PROCESS BY FAILING TO ADDRESS, AT SENTENCING, THAT HE HAD THE RIGHT TO APPEAL THE COURT'S DECISIONS; SPECIFICALLY INCLUDING THE RIGHT TO APPEAL THE SENTENCE.  IN FACT, NO NOTICE WAS EVER GIVEN TO APPELLANT AS THE SENTENCING ENTRY OF AUGUST 19, 2008 WAS ALSO SILENT AS TO HIS RIGHT TO APPEAL ANY ASPECT OF THE CONVICTION OR SENTENCE.

{¶9} "V.    THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT CRITICAL STAGES OF THE PROCEEDINGS, PRE-TRIAL; INCLUDING LIES AND MISREPRESENTATIONS REGARDING THE RESULT OF HIS

GUILTY PLEA AND SENTENCE AS WELL AS HIS RIGHT TO APPEAL THE TRIAL COURT'S DECISIONS AND SENTENCE."

I.

{¶10} In his first assignment of error, appellant argues that the court erred in finding his claims to be untimely and barred by res judicata.

{¶11} A motion to correct or vacate a sentence, despite its caption, meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), if it was (1) filed subsequent to direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment and sentence. *State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Appellant's motion meets this definition, and therefore despite its caption was a petition for postconviction relief.

{¶12} Because appellant did not file a direct appeal from his conviction, appellant had 365 days after the expiration of the time for filing an appeal in which to file a petition for postconviction relief. Appellant's judgment of sentence was filed on August 19, 2008. Therefore, a timely petition for postconviction relief must have been filed in September of 2009. Appellant did not file his petition until November 25, 2014. The petition was therefore untimely, and the court did not err in dismissing it without a hearing.

{¶13} R.C. 2953.23(A)(1) allows the court to consider an untimely petition if both of the following apply:

{¶14} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the

claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶15} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶16} Although appellant argues that he was not informed of his right to appeal pursuant to Crim. R. 32, he did not demonstrate that he was unavoidably prevented from timely discovering the facts on which he relied to present his claim for postconviction relief as required by R.C. 2953.23(A)(1).

{¶17} The trial court did not err in dismissing appellant's petition as untimely filed. The first assignment of error is overruled.

II.-V.

{¶18} Because appellant's petition was not timely filed, his second through fifth assignments of error, which address the merits of his petition, are moot. Assignments of error two, three, four and five are accordingly overruled.

{¶19}  The judgment of the Delaware County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.