[Cite as *State v. Smotherman*, 2016-Ohio-8133.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-471 |
| | | (C.P.C. No. 11CR-2014) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Arnett C. Smotherman, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 13, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief:** *Arnett C. Smotherman*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Arnett C. Smotherman, from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate an allegedly void judgment entered by the trial court in 2012 following appellant's entry of a guilty plea to possession of heroin.

{¶ 2} On April 18, 2011, appellant was indicted on one count of trafficking in heroin, in violation of R.C. 2925.03, one count of possession of heroin, in violation of R.C. 2925.11, and one count of tampering with evidence, in violation of R.C. 2921.12. On January 11, 2012, appellant entered a guilty plea to one count of possession of heroin, a felony of the second degree. The trial court conducted a sentencing hearing on May 17, 2012. By judgment entry filed May 18, 2012, the court sentenced appellant to seven years

incarceration on Count 2 (possession of heroin), and entered an order of nolle prosequi as to the remaining counts.

{¶ 3}   On May 4, 2016, appellant filed a pro se motion to vacate the trial court's judgment entry of May 18, 2012 "due to violation of defendant's Fourteenth Amendment Constitutional right."   In the accompanying memorandum in support, appellant argued that the trial court failed to apprise him of his appellate rights at the time of the 2012 sentencing hearing, and that such failure rendered the court's judgment a "nullity or void." On May 11, 2016, plaintiff-appellee, the State of Ohio, filed a memorandum contra the motion to vacate, arguing that the motion constituted an untimely petition for post-conviction relief.   By decision and entry filed May 23, 2016, the trial court denied appellant's motion.

{¶ 4}   On appeal, appellant sets forth the following assignment of error for this court's review:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO VACATE HIS VOID SENTENCE/JUDGMENT AND TO RESENTENCE.

{¶ 5}   Under his single assignment of error, appellant asserts the trial court erred in denying his motion to vacate the trial court's May 18, 2012 judgment of conviction and sentence.  Appellant contends the trial court failed to inform him of his appellate rights at the 2012 sentencing hearing, as required by Crim.R. 32(B).[1]  According to appellant, such failure rendered the 2012 judgment void, thereby requiring remand for a new sentencing hearing.

{¶ 6}   At the outset, we agree with the state's contention that appellant's motion to vacate the trial court's judgment of conviction and sentence is properly characterized as a petition for post-conviction relief.  *See State v. Bankston,* 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 7 (construing appellant's motion for sentencing, filed four years after his sentence of conviction and direct appeal, as a petition for post-conviction relief where appellant asserted the trial court's failure to give notification of appellate rights under Crim.R. 32(B) rendered his judgment void).  *See also State v. Holdcroft,* 3d Dist. No. 16-

---

[1] Crim.R. 32(B)(2) states as follows: "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."

06-07, 2007-Ohio-586, ¶ 11 (treating appellant's motion to vacate or set aside and modify sentence as a petition for post-conviction relief where such motion (1) was filed subsequent to his direct appeal, (2) was based on an alleged violation of his constitutional rights, (3) asserted that the judgment was void, and (4) requested that the sentence be vacated).

{¶ 7}   R.C. 2953.21 provides in part that, subject to certain exceptions in R.C. 2953.23, a petition for post-conviction relief shall be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."  R.C. 2953.21(A)(2).[2]  In the event no appeal is taken, the petition shall be filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal."  R.C. 2953.21(A)(2).

{¶ 8}   In *Bankston* at ¶ 8, this court discussed the requirements for an untimely petition for post-conviction relief, holding in part as follows:

> R.C. 2953.23(A)(1) provides that a court may not entertain an untimely petition * * * unless certain conditions are met. * * * [B]efore a court may consider an untimely * * * petition for postconviction relief, a petitioner must demonstrate that: " '(1) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error.' " * * * However, if a trial court receives an untimely * * * petition for postconviction relief that challenges a void sentence, it must ignore the procedural irregularities, vacate the void sentence, and resentence the offender.

{¶ 9}   In the instant case, appellant entered his guilty plea on May 17, 2012, and the trial court entered a judgment of conviction and sentence on May 18, 2012.  Appellant filed his motion to vacate on May 4, 2016, well beyond the statutory time limit.

{¶ 10}  Appellant's pro se appellate brief does not specifically address the issue of timeliness.  As noted above, however, he asserts that the 2012 judgment was void due to the trial court's failure to notify him of his appellate rights.

---

[2] R.C. 2953.21 was amended, effective March 23, 2015, "and extended the time frame for defendants to file their motions for postconviction relief from 180 days to 365 days."  *State v. Thomas,* 8th Dist. No. 103784, 2016-Ohio-3327, ¶ 10.

{¶ 11} To the extent appellant may also claim he was unavoidably prevented from discovering the facts on which his petition was based, we note that appellant waited approximately four years from the date of his sentencing to file his motion to vacate. While appellant contends in his statement of facts that he did not discover he had appellate rights until he began conducting legal research at the prison law library, he provides no explanation as to why he was prevented from learning earlier about his right to appeal. Based on the record presented, appellant has failed to demonstrate he was unavoidably prevented from discovering the facts on which he relied to support his petition. *See State v. Williams,* 5th Dist. No. 15 CAA-03-0023, 2015-Ohio-4576, ¶ 16 ("Although appellant argues that he was not informed of his right to appeal pursuant to Crim.R. 32, he did not demonstrate that he was unavoidably prevented from timely discovering the facts on which he relied to present his claim for postconviction relief" in waiting over five years after deadline for filing petition had passed.).

{¶ 12} To the extent appellant argues that the 2012 sentence was void (and thereby rendering inapplicable the statutory time limitation), we reject such argument. In general, "a sentence is void only if the trial court lacked subject-matter jurisdiction or the authority to act." *State v. Wurzelbacher*, 1st Dist. No. C-130011, 2013-Ohio-4009, ¶ 8. The Supreme Court of Ohio has also in "recent years * * * 'recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void.' " *Id.,* quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6328, ¶ 8.

{¶ 13} A trial court's failure to notify a defendant concerning appeal rights, however, does not render a sentence void. *State v. Barnes,* 12th Dist. No. CA2014-03-049, 2015-Ohio-651, ¶ 27 (while trial court failed to advise appellant of his right to appeal under Crim.R. 32(B), "such error does not render [his] conviction void"). *See also Wurzelbacher* at ¶ 11 (rejecting appellant's claim that his sentences were void as a consequence of the trial court's failure to notify him of his appellate rights, and noting "[t]he Ohio Supreme Court has not held that the failure to provide notification concerning appeal rights * * * renders a sentence void").

{¶ 14} Accordingly, we agree with the state's contention that appellant's petition for post-conviction relief is untimely. While not dispositive, we further note that appellant

did not file a direct appeal nor did he seek leave to file a delayed appeal from his conviction and sentence and, therefore, the doctrine of res judicata arguably operates as an additional bar to the petition. *See Barnes* at ¶ 27, citing *State v. Wagers,* 12th Dist. No. CA2011-08-007, 2012-Ohio-2258, ¶ 10 (holding that appellant's post-conviction petition was untimely and additionally finding that, where appellant failed to file a direct appeal or request leave to file a delayed appeal, his "petition for postconviction relief on the basis of the trial court's failure to advise him of his right to appeal is barred by res judicata").

{¶ 15} Based on the foregoing, the trial court did not err in denying appellant's motion to vacate the May 2012 judgment of conviction and sentence, and appellant's assignment of error is overruled. Having overruled appellant's single assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and TYACK, J., concur.

————————————————