[Cite as *State v. Blom*, **2018-Ohio-1002**.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Court of Appeals No. L-17-1154

     Appellee

Trial Court No. CR0199506612

v.

Sean Blom

**DECISION AND JUDGMENT**

     Appellant

Decided: March 16, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and Andrew J.
Lastra, Assistant Prosecuting Attorney, for appellee.

Sean Blom, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Sean Blom, pro se, appeals the June 1, 2017 judgment

of the Lucas County Court of Common Pleas which denied his motion for resentencing

due to the trial court's failure to comply with Crim.R. 32, and ineffective assistance of counsel. Because we agree that the motion, properly reviewed as a petition for postconviction relief, was untimely and barred by res judicata, we affirm.

{¶ 2} Appellant was indicted in this case on October 2, 1995, on one count of attempted murder, R.C. 2923.02, and one count of aggravated robbery, R.C. 2911.01(A)(1), both with firearm specifications. Under the sentencing structure at that time, appellant faced a maximum of 50 years of imprisonment plus six years of mandatory imprisonment based on the gun specifications in each count. Appellant entered a no contest pleas to the counts with the agreement that one of the firearm specification would be dismissed. On February 12, 1996, appellant was sentenced to 18 to 50 years of imprisonment, including three mandatory years for the firearm specification. No direct appeal was taken.

{¶ 3} In June 2005, appellant filed a motion to vacate or set aside sentence based on the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On July 13, 2005, the court denied the postconviction motion as untimely and, regardless, found that the *Blakely* decision did not apply retroactively.

{¶ 4} On December 12, 2013, appellant filed a motion for allied offenses determination. On March 13, 2014, appellant filed a request for a final appealable order demonstrating the fact and means of conviction. Both motions were denied. On April

2.

25, 2014, appellant commenced an appeal in this court as to both judgments. We dismissed appellant's appeal on August 27, 2014, after appellant failed to file a brief in the matter.

{¶ 5} On January 4, 2017, appellant filed a "motion to vacate and set aside plain error sentence pursuant to Crim.R. 52(B)." In the motion, appellant argued that his convictions for aggravated robbery and attempted murder violated the double jeopardy protections as they were allied offenses. In opposition, the state argued that the successive, untimely postconviction petition was barred by res judicata. The state further argued that the 2016 case relied upon by appellant was inapplicable in that the issue need be resolved by the prevailing case law at the time of appellant's conviction and sentence.

{¶ 6} On March 1, 2017, the court denied the motion finding that by entering his plea, appellant indicated that he understood the nature of the charges and the possible sentence. The court concluded that these facts at least "implicitly" demonstrated appellant's stipulation that the offenses were not allied and subject to merger. The court further found that the motion was untimely.

{¶ 7} On March 17, 2017, appellant filed a motion for resentencing arguing that in contravention of Crim.R. 32(B), the court failed to inform him of his appeal rights at the time of sentencing. Appellant further argued that he received ineffective assistance of counsel. In its response opposing the motion, the state again argued that successive, untimely postconviction petitions are barred by res judicata except in very limited circumstances. On June 1, 2017, the motion was summarily denied as untimely.

3.

{¶ 8} On June 27, 2017, appellant filed his notice of appeal from the court's denial of his motion for resentencing.  Appellant now raises three assignments of error for our review:

Assignment of Error One

(Non-Compliance)

A)  The trial court violated Appellant's constitutional guarantee to due process and equal protection of the law when the trial court did not inform him of his appellate rights; and his subsequent application for leave to file a delayed post-conviction petition was denied in violation of the Fourteenth Amendment to the United States Constitution.

B)  The trial court violated appellant's constitutional guarantee to due process and equal protection of the law denying the appellant a transcript in order to pursue an appeal, in violation of the Fourteenth Amendment to the United States Constitution.

Assignment of Error Two

(Ineffective Assistance of Counsel)

A)  The trial court violated appellant's constitutional guarantee to effective assistance of counsel under the Sixth Amendment to the U. S. Constitution with the lack of notification of the right to appeal the sentence by the trial court or trial counsel; and also the failure of trial counsel to file a Notice of Appeal after sentencing in accord with *Strickland v. Washington* [104 S.Ct. 2052] and *White v. Johnson* [180 F.3d 648].

Assignment of Error Three

(Crim.R. 52(B) Plain Error)

A) The trial court erred in failing to notify the appellant of his right to appeal his sentence, along with the record being devoid of any mention that appellant could appeal, under Crim.R. 32.

{¶ 9} Appellant's assignments of error are interrelated and will be addressed concurrently. Appellant argues that the court erred in denying his application for postconviction relief and for denying appellant a transcript for purposes of appeal. Appellant contends that due to the trial court's and trial counsel's failure to notify him of his appeal rights, appellant was deprived his constitutional right to a meaningful appeal.

{¶ 10} The postconviction statute, R.C. 2953.21(A)(2), requires that a petition for postconviction relief

shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

Appellant filed this request more than 20 years after the statutory 365 day period set forth in R.C. 2953.21(A)(2).

{¶ 11} Further, R.C. 2953.23 sets forth specific requirements to permit consideration of the March 17, 2017 motion as an untimely and successive petition for

5.

postconviction relief. R.C. 2953.23 provides that a trial court is forbidden from entertaining untimely or successive petitions for postconviction relief unless it meets two conditions. The petitioner must first show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Then, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1); *State v. Ayers*, 6th Dist. Erie No. E-07-072, 2009-Ohio-393, ¶ 15.

{¶ 12} On the date of appellant's plea, Crim.R. 32(A)(2) provided as follows:

(2) Notification of right to appeal. After imposing sentence in a serious offense *that has gone to trial on a plea of not guilty,* the court shall advise the defendant of all of the following:

(a) That he has a right to appeal;

(b) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(c) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(d) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(e) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

6.

> Upon defendant's request, the court shall forthwith appoint counsel for appeal. (Emphasis added.)

The rule applies in cases where the defendant had pleaded not guilty and the court had tried the matter. In the instant case*,* appellant entered no contest pleas. Consequently, former Crim.R. 32(A)(2) does not apply. *See State v. Borchers*, 101 Ohio App.3d 157, 163-164, 655 N.E.2d 225, 229 (2d Dist.1995).

{¶ 13} Moreover, even assuming an error at sentencing appellant has failed to demonstrate that he was prevented from discovering the alleged defect and, in fact, had perfected a prior appeal in this case following a denial of a postconviction relief petition. Appellant's argument that he first became aware of the alleged defect after reading Ohio law in the prison library was rejected by the Tenth Appellate District in *State v. Smotherman*, 10th Dist. Franklin No. 16AP-471, 2016-Ohio-8133. In *Smotherman*, on postconviction the appellant claimed that his sentence was void because the court failed to inform him of his appellate rights. The court noted:

> While appellant contends in his statement of facts that he did not discover he had appellate rights until he began conducting legal research at the prison law library, he provides no explanation as to why he was prevented from learning earlier about his right to appeal. Based on the record presented, appellant has failed to demonstrate he was unavoidably prevented from discovering the facts on which he relied to support his petition. *See State v. Williams*, 5th Dist. [Delaware] No. 15 CAA-03-0023, 2015-Ohio-4576, ¶ 16. *Id.* at ¶ 11.

7.

**{¶ 14}** The court then found:

A trial court's failure to notify a defendant concerning appeal rights, however, does not render a sentence void. *State v. Barnes*, 12th Dist. No. CA2014-03-049, 2015-Ohio-651, ¶ 27 (while trial court failed to advise appellant of his right to appeal under Crim.R. 32(B), "such error does not render [his] conviction void"). *See also Wurzelbacher* [1st. Dist. Hamilton No. C-130011, 2013-Ohio-4009] at ¶ 11 (rejecting appellant's claim that his sentences were void as a consequence of the trial court's failure to notify him of his appellate rights, and noting "[t]he Ohio Supreme Court has not held that the failure to provide notification concerning appeal rights * * * renders a sentence void"). *Id.* at ¶ 13.

**{¶ 15}** As to the contention that trial counsel was ineffective by failing to inform appellant of his appeal rights, we again find that appellant was neither prevented from discovering the alleged defect nor has he alleged that had he been notified, the outcome of the proceeding would have been different.

**{¶ 16}** Based on the foregoing, we find that appellant's first, second, and third assignments of error are not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                               _____
                                                          JUDGE

Thomas J. Osowik, J.


Christine E. Mayle, P.J.                           _____
CONCUR.                                                              JUDGE


                                                    _____
                                                          JUDGE