[Cite as *State v. Wimbley*, 2018-Ohio-2373.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-62 |
| v. | : | (C.P.C. No. 11CR-1930) |
| Victore Wimbley, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 19, 2018

---

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Victore Wimbley,* pro se.

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Victore Wimbley, pro se, appeals the December 15, 2017 judgment of the Franklin County Court of Common Pleas denying his postconviction motion for resentencing. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 19, 2011, appellant was indicted on one count of aggravated burglary, five counts of aggravated robbery, one count of rape, one count of felonious assault, and five counts of kidnapping—all with a three-year firearm specification. On March 5, 2012, appellant entered a plea of guilty to the following: (1) Count 1 of the indictment, Aggravated Burglary—victims Francisco San Agustin and Christine San Agustin; (2) Count 2 of the indictment, Aggravated Robbery—victim Kayla White, (3) Count

6 of the indictment, Felonious Assault—victim Francisco San Agustin, (4) Count 8 of the indictment, Kidnapping—victim Francisco San Agustin; and (5) Count 11 of the indictment, Aggravated Robbery—victim Sheila Starre. Appellant also pled guilty to firearm specifications as to Counts 1, 2, 6, 8, and 11 of the indictment.

{¶ 3} On May 2, 2012, the trial court imposed a sentence of 6 years plus 3 years as to the firearm specification as to each count. The trial court noted: "The firearm specifications as to Count One, Two, Six, Eight and Eleven shall merge. Count One shall be served concurrent with Counts Two, Six, Eight and Eleven. Counts Two, Six, Eight and Eleven shall be served consecutive to each other, for a total sentence of TWENTY-SEVEN (27) YEARS." (May 3, 2012 Jgmt. Entry at 2.) Appellant did not pursue a timely appeal from his convictions and sentences.

{¶ 4} Approximately five and one-half years after sentencing, on November 2, 2017, appellant filed a motion for re-sentencing, claiming that his sentences for Counts 2, 6, and 8 of the indictment should merge and run concurrently because those convictions are allied offenses. The trial court ruled that:

> This Court will not reconsider the final judgment that it validly imposed in this matter on May 2, 2012. The Court notes that the offenses to which Defendant pled guilty on March 5, 2012 are not allied offenses of similar import, and further notes that Defendant's motion is barred by res judicata.

> The Court DENIES Defendant's motion.

(Dec. 15, 2017 Entry Denying Def.'s Mot. For Resentencing at 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant appeals and assigns the following errors for our review:

> [I.] Appellant Victore Wimbley Asserts the trial Court Committed prejudicial Error due to the failure to merge the multiple counts of Aggravated Robbery, Felonious Assault And Kidnapping As Allied offenses of Similar import in Violation of O.R.C. 2941.25(A).

> [II.] Appellant Victore Wimbley Assert that his Right to the effective Assistance of Counsel was Violated which prejudicially deprived Appellant of his Right to Due Process of law guaranteed the Sixth and fourteenth Amendments to the United States Constitution Due to Defense Counsel Micheal

> Morgan prejudicial effect of deficient Performance during the
> Pre-trial Stage and the Sentencing phase in the trial Court.

(Sic passim.)

## III. DISCUSSION

{¶ 6} Appellant's assignments of error argue that the trial court erred in overruling the motion for resentencing. In assignment of error one, appellant argues that the aggravated robbery, felonious assault, and kidnapping offenses are allied offenses of similar import and should merge. Appellant's argument lacks merit because the motion was untimely and barred by res judicata. In addition, his convictions do not merge because they involve different victims and different conduct with separate and identifiable harms.

{¶ 7} Appellant's motion for resentencing is a petition for postconviction relief. See *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus ("Where [a] criminal defendant, subsequent to his or her direct appeal, files a motion seeking a vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."). *See also State v. Smotherman*, 10th Dist. No. 16AP-471, 2016-Ohio-8133, ¶ 6. We review a trial court's decision on a petition for postconviction relief for abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58; *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7.

{¶ 8} As an initial matter, we note that appellant's petition for postconviction relief was untimely. Because appellant did not file a direct appeal from his convictions, any petition for postconviction relief was required to be filed within 365 days after the expiration of the time for filing an appeal. R.C. 2953.21(A)(2). Appellant pled guilty and was sentenced on May 2, 2012. The trial court's judgment entry was filed on May 3, 2012. Appellant did not file his petition for postconviction relief until November 2, 2017, which was well beyond the statutory deadline. In order to avoid the consequences of the untimeliness, he must establish that his petition falls within one of the exceptions specified in R.C. 2953.21(A). However, appellant does not claim, nor can he show, that his petition falls within one of the exceptions.

{¶ 9} The time restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period. R.C. 2953.23(A). *See also State v. Hanks*,

10th Dist. No. 98AP-70 (June 25, 1998), and *State v. Ayala*, 10th Dist. No. 98AP-349 (Nov. 10, 1998). As such, because appellant filed his petition past the time limit prescribed by R.C. 2953.21(A)(2), the trial court lacked jurisdiction.

{¶ 10} Even if the trial court had jurisdiction, appellant's motion would be barred by res judicata. "Under the doctrine of res judicata, a defendant cannot raise an issue in a postconviction petition if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). As a result, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Appellant's merger arguments do not rely on any evidence outside the record, and could have been raised with the trial court prior to, or at, sentencing. As such, res judicata bars appellant from asserting such arguments in a petition for postconviction relief. *See State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 10, citing *Szefcyk* at syllabus.

{¶ 11} In assignment of error two, appellant argues that his trial counsel was ineffective for not arguing the merger issue at the pre-trial stage or sentencing. This argument was not raised in appellant's motion filed with the trial court, and thus is improperly raised in this appeal. In addition, appellant's claim could have been raised at sentencing or on appeal and is therefore barred by res judicata.

{¶ 12} Appellant's postconviction petition is untimely, resulting in a lack of jurisdiction. In addition, even if the trial court had jurisdiction, both of appellant's claimed grounds for relief are barred by res judicata. Appellant's assignments of error are overruled.

## IV. DISPOSITION

{¶ 13} Based on the foregoing, appellant's two assignments of error are overruled. Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.