[Cite as *State v. Walker*, 2018-Ohio-3542.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-185 |
| v. | : | (C.P.C. No. 16CR-4129) |
| John T. Walker, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 4, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

**On brief:** *John T. Walker,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, John T. Walker, pro se, appeals the March 2, 2018 judgment of the Franklin County Court of Common Pleas denying his postconviction motion to vacate void judgment. For the reasons that follow, we affirm the judgment of the trial court.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On August 1, 2016, the Franklin County Grand Jury issued an indictment charging appellant with burglary, grand theft of a firearm or dangerous ordinance, theft from a person in a protected class, tampering with evidence, and having weapons while under disability. The first three counts included firearm specifications.

{¶ 3} On April 3, 2017, while represented by counsel, appellant entered guilty pleas to multiple felony charges including burglary with a firearm specification, theft of a firearm, and theft from a person in a protected class. The parties jointly recommended an aggregate

sentence of 4 years and 11 months to be run consecutively to appellant's burglary conviction in Franklin C.P. No. 16CR-3945. The trial court imposed that jointly recommended sentence. Appellant did not pursue a timely appeal from his convictions and sentences.

{¶ 4}    On February 6, 2018, appellant filed a pro se motion to vacate void judgment, arguing that his burglary and theft convictions were allied offenses of similar import and the sentences should have merged. The trial court ruled  that:

> This matter came before the Court on Defendant's Motion to Vacate Void Judgment.
>
> The Court, after full and careful consideration, finds said motion not well taken and hereby DENIES the same.

(Mar. 2, 2018 Decision and Entry.)

## II. ASSIGNMENTS OF ERROR

{¶ 5}    Appellant appeals and assigns the following errors for our review:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED VACATION OF A VOID JUDGMENT.
>
> [II.] PUNISHMENT FOR ALLIED OFFENSES OF SIMILAR IMPORT IS NOT AUTHORIZED BY LAW AND ALSO VIOLATES DOUBLE JEOPARDY PROTECTIONS; SO RENDERING SENTENCES VOID AB INITIO; AND WARRANTS ABSOLUTE DISMISSAL OF ENTIRE CASE.

## III. DISCUSSION–CLAIMS BARRED BY RES JUDICATA

{¶ 6}    Appellant contends that his sentences for burglary and theft should have merged. His motion is properly construed as a petition for postconviction relief. It is well settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), at paragraph one of the syllabus. *See also State v. Smotherman*, 10th Dist. No. 16AP-471, 2016-Ohio-8133, ¶ 6. Furthermore, R.C. 2953.21(K) specifies that R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

{¶ 7} As such, appellant's February 6, 2018 motion is a petition for postconviction relief. We review a trial court's decision on a petition for postconviction relief for abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58; *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7.

{¶ 8} "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). As stated by the Supreme Court of Ohio:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.

(Emphasis sic.) *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. We have held that merger issues are subject to res judicata and thus must be raised on direct appeal. *State v. Adams*, 10th Dist. No. 14AP-623, 2015-Ohio-868, ¶ 7-8; *State v. Strickland*, 10th Dist. No. 14AP-307, 2014-Ohio-5105, ¶ 13-14. We have also held repeatedly that purported merger errors under R.C. 2941.25 do not result in a void sentence and are thus barred by res judicata if not raised on direct appeal. *State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 5-7.

{¶ 9} As a result, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen,* 70 Ohio St.3d 399, 410 (1994). Appellant's merger arguments do not rely on any evidence outside the record. Appellant had the opportunity to raise his merger arguments at sentencing or thereafter in a direct appeal. Appellant failed to do so and as a result his claims are barred by res judicata. *See State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, ¶ 10 (holding that res judicata bars review of postconviction merger claims); *State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 9 (finding a postconviction merger argument was barred by res judicata). As his claims are barred, appellant's assignments of error are overruled.

**IV. DISPOSITION**

{¶ 10} Based on the foregoing, appellant's two assignments of error are overruled. Having overruled appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

**TYACK and BRUNNER, JJ., concur.**

_____