[Cite as *State v. Montgomery*, 2021-Ohio-4396.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CYRILL MONTGOMERY, | : | Case No. 2021 CA 00009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:
Appeal from the Fairfield County
Court of Common Pleas, Case No.
17 CR 386

JUDGMENT:
Affirmed

DATE OF JUDGMENT:
December 14, 2021

APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
Fairfield County Prosecutor

By: CHRISTOPHER A. REAMER
Assistant County Prosecutor
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

JAMES A. ANZELMO
Anzelmo Law
446 Howland Drive
Gahanna, Ohio 43230

*Baldwin, P.J.*

{¶1}   Defendant-appellant Cyrill Montgomery appeals from the January 28, 2021 Entry of the Fairfield County Court of Common Pleas denying his Motion to Correct Void Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 17, 2017, the Fairfield County Grand Jury indicted appellant on one count of attempted murder in violation of R.C. 2903.02(A), 2903.02(D) and 2929.02(B), a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(2) and 2903.11(D)(1)(a), a felony of the second degree, one count of improperly discharging a firearm at or into a habitation or a school safety zone in violation of R.C. 2923.161(A)(1) and 2923.161(C), a felony of the second degree, one count of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and 2923.162(C)(2), a felony of the third degree, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2) and 2923.13(B), a felony of the third degree. The indictment also contained four firearm specifications. At his arraignment on July 24, 2017, appellant entered a plea of not guilty to the charges in the indictment.

{¶3}   Subsequently, appellant withdrew his former not guilty plea and entered a plea of guilty to felonious assault (Count Two) with a firearm specification, improperly discharging a firearm at or into a habitation or a school safety zone (Count Three) with a firearm specification, discharge of a firearm on or near prohibited premises (Count Four) with a firearm specification and having weapons while under disability (Count Five). Pursuant to a Judgment Entry filed on April 12, 2018, appellant was sentenced to two years on Count Two to be served consecutively to three years on the firearm specification,

to two years on Count Three to be served concurrently to Count Two but consecutively to the firearm specification, and to one year on Count Five to be served concurrently to Counts Two and Three. Appellant's aggregate prison sentence was eight years. Appellant was also fined $1,800.00 on Count Two, $1,600.00 on Count Three and $900.00 on Count Five and was ordered to pay restitution to the victim. At the request of appellee, Count One was dismissed. A Nunc Pro Tunc Judgment Entry of Sentence was filed on March 13, 2019 to indicate that appellant's fines were suspended due to indigency.

{¶4} Thereafter, on December 29, 2020, appellant filed a Motion to Correct Void Sentence pursuant to R.C. 2953.21 and 2941.25, arguing that Counts Two, Three and Four were allied offenses of similar import and should have been merged for the purpose of sentencing. Appellant argued that appellee had elected to have appellant sentenced as to Counts Two and Three. Appellee, on January 22, 2021, filed a memorandum in opposition to such motion. Appellee, in its motion, maintained that the trial court made certain merger findings at the time of sentencing, that appellant did not object or argue that the trial court should merge additional offenses, and that appellant had never filed a direct appeal and, therefore, was barred from raising such claim by way of a post-conviction petition.

{¶5} The trial court, as memorialized in an Entry filed on January 28, 2021, denied appellant's motion. The trial court noted that appellant had never filed a direct appeal and that appellant's claimed error, if it existed, would have resulted in a voidable sentencing error that should have been raised in a direct appellant. The trial court found that appellant was barred from raising such claim by way of his post-conviction petition.

{¶6} Appellant now appeals from the trial court's January 28, 2021 Entry raising the following assignment of error on appeal:

{¶7} "I. THE TRIAL COURT ERRED BY DENYING MONTGOMERY'S MOTION TO CORRECT HIS SENTENCE."

I.

{¶8} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Correct Sentence. We disagree.

{¶9} As is stated above, appellant, on December 29, 2020, filed a Motion to Correct Void Sentence Pursuant to R.C. 2953.21 and 2941.25, arguing that Counts Two, Three and Four were allied offenses of similar import and should have been merged for the purpose of sentencing. Appellant did not file a direct appeal.

{¶10} It is well settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, at syllabus. *See also State v. Smotherman*, 10th Dist. No. 16AP-471, 2016-Ohio-8133, ¶ 6. Furthermore, R.C. 2953.21(K) specifies that R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

{¶11} As such, appellant's December, 2020 motion is a petition for postconviction relief.

{¶12} In *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), the Ohio Supreme Court stated:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

**{¶13}** The doctrine of res judicata bars a defendant from asserting the "merger" issue in a post-judgment motion for resentencing; i.e., the lack of merger must be contested in a direct appeal from the final sentencing judgment. *State v. Stalnacker,* 11th Dist. Lake No. 2013–L–006, 2013–Ohio–3479, ¶ 12; *State v. Norris,* 7th Dist. Monroe No. 11 MO 4, 2013–Ohio–866, ¶ 15; *State v. Garnett,* 10th Dist. Franklin No. 12AP–594, 2013–Ohio–1210, ¶ 9; *State v. Downey,* 5th Dist. Stark No. 2013CA00157, 2013–Ohio–4693, As noted by the court in *Garnett*,

[T]he failure to merge allied offenses at sentencing does not render a sentence void. *State v. Guevara,* 6th Dist. No. L–12–1218, 2013–Ohio–728, ¶ 8. *See also State v. Greenberg,* 10th Dist. No. 12AP–11, 2012–Ohio–3975, ¶ 12, quoting *Timmons* [10th Dist. Franklin No. 11AP–895, 2012–Ohio–2079], at ¶ 12 ("an allied offenses error renders the sentence voidable. 'Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal.' ").

*Garnett,* 2013–Ohio–1210, ¶ 10.

**{¶14}** Appellant claims that Counts Two, Three and Four were allied offenses of similar import and should have been merged for the purpose of sentencing. Because appellant's argument that such counts should have been merged is not a void sentence issue, the issue raised in appellant's assignment of error could have been raised on direct appeal, and therefore, is barred by the doctrine of *res judicata*. Appellant failed to raise the issue of merger/allied offenses on direct appeal. Pursuant to res judicata, he is now barred from raising the same.

**{¶15}** As his claim is barred, appellants sole assignment of error is overruled.

**{¶16}** Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.